**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JEFFERY D. DUNN**                                                              **CIVIL ACTION**

**VERSUS**                                                                        **NO. 10-4519**

**STATE OF LOUISIANA, ET AL.**                                    **SECTION "S"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Jeffery D. Dunn, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.  He named as defendants the State of Louisiana, the City of New Orleans, Section K of the Orleans Parish Criminal District Court, Michael Monestere, Joshua Perry, and Amanda Frazier.

The complaint is rambling and largely incomprehensible.  However, it appears that plaintiff is alleging that (1) Judge Arthur Hunter wrongly entered a plea of "not guilty" without plaintiff's consent, (2) Judge Hunter wrongly scheduled a competency hearing, (3) plaintiff was subsequently bribed into pleading guilty, (4) his sentence was miscalculated, (5) his defense attorneys were uncooperative, (6) he was forced to take Risperdal injections while on probation,[1] (7) his criminal proceedings were unduly delayed, (8) he was wrongly held in contempt of court, and (9) he was denied unspecified medical care and privileges in jail.

---

[1]     Risperdal (risperidone) is used to treat symptoms of schizophrenia and bipolar disorder in adults.  http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000944.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

2

claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327

(1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not

"plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The

United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has acted
> unlawfully.  Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and plausibility of
> entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned finds that the complaint

should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or

for seeking monetary damages against a defendant who is immune from such relief.

## II.  § 1983 Claims

Plaintiff filed this lawsuit on a complaint form to be used by prisoners bringing civil actions

pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

---

[2]     The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald,
30 F.3d 616, 620 (5th Cir. 1994).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.  Plaintiff's § 1983 claims against the named defendants fail for the following reasons.

### A.  State of Louisiana

The State of Louisiana is an improper defendant because a state is not a "person" subject to suit under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).

Moreover, in any event, any § 1983 claim against the state would also be barred by the Eleventh Amendment.  The United States Supreme Court has held:  "[I]n the absence of consent a suit in which the State ... is named as the defendant is proscribed by the Eleventh Amendment.  This jurisdictional bar applies regardless of the nature of the relief sought."  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted).  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not

explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002) (quotation marks and citations omitted).

### B.  Section K of the Orleans Parish Criminal District Court

The Orleans Parish Criminal District Court is likewise an improper defendant for at least two reasons.

First, a state court also is not a "person" or a juridical entity capable of being sued under § 1983.  Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("[S]tate courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir. 1976); Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); Knight v. Guste, Civ. Action No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).

Second, the Eleventh Amendment also bars § 1983 claims against a state court.  Jefferson v. Louisiana State Supreme Court, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002); Southern Christian Leadership Conference v. Supreme Court of State of Louisiana, 252 F.3d 781, 782 n.2 (5th Cir. 2001); Landers Seed Co., Inc. v. Champaign National Bank, 15 F.3d 729, 731-32 (7th Cir. 1994); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993); Wilkerson v. 17th Judicial District Court, Civ. Action No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007).

### C.  Michael Monestere, Joshua Perry, and Amanda Frazier

Plaintiff also named Michael Monestere, Joshua Perry and Amanda Frazier as defendants. In the complaint, Monestere is identified as a private attorney who represented plaintiff, while Perry and Frazier are identified as public defenders.  However, neither private attorneys nor public defenders are state actors liable under § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim was not cognizable in § 1983 lawsuit because retained counsel was not a state actor); Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); Ellison v. De La Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a § 1983 suit must fail "for want of any action under color of state law").[3]

### D.  City of New Orleans

The only remaining defendant is the City of New Orleans.  It is clear that a municipality can be a proper defendant in a § 1983 action; however, the United States Fifth Circuit Court of Appeals has explained:

---

[3]     The Court recognizes that claims against such attorneys for engaging in a conspiracy with state actors are cognizable in a § 1983 action.  See, e.g., Mills, 837 F.2d at 679.  Plaintiff, however, has not asserted a conspiracy claim.

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).

Plaintiff's claims against the city fail in two respects. First, the individuals who allegedly violated plaintiff's rights were neither employed nor controlled by the city, and therefore the city cannot be held liable for their actions. Second, in any event, plaintiff does not allege that the purported constitutional violations resulted from a policy or custom of the City of New Orleans as required to support a claim against a municipality.

### III. *Habeas Corpus*

In his complaint, plaintiff appears to be, at least in part, challenging his criminal convictions and continued incarceration. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). To the extent that the instant civil rights complaint may be construed in part as a *habeas corpus* petition, the Court further notes that plaintiff is not entitled to relief for the following reasons.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  The United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).  A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

On January 3, 2011, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that plaintiff has filed no applications with that court.  Therefore, plaintiff has not met the exhaustion requirement by giving that court a fair opportunity to pass upon his claims. Accordingly, he is not currently entitled to federal *habeas corpus* relief.[4]

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims against the State of Louisiana, the City of New Orleans, Section K of the Orleans Parish Criminal District Court, Michael Monestere, Joshua Perry, and Amanda Frazier be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

---

[4]  Of course, plaintiff is not precluded from filing a timely application for federal *habeas corpus* relief in the future once he has exhausted his state court remedies.

It is **FURTHER RECOMMENDED** that plaintiff's federal *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this nineteenth day of January, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]     <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.